UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


FLOYD THOMPSON,

        Plaintiff,

                                      File No.  1:07-CV-49

v.

                                      HON. ROBERT HOLMES BELL

GULF STREAM COACH, INC., and
GENERAL RV CENTER, INC.,

        Defendants.

_____/

**O P I N I O N**

       This matter is before the Court on Plaintiff Floyd Thompson's motion to remand the case to the 48th Circuit Court for the State of Michigan.  (Docket #11.)  Defendants, Gulf Stream Coach, Inc., and General RV Center, Inc., removed the case to this Court.  (Notice of Removal, Docket #1.)  Defendants removed the case based on diversity jurisdiction; however, Defendants now acknowledge that there is not complete diversity.  Defendants contend that removal was nevertheless proper because there is a federal question and that they should be permitted to amend the notice of removal to assert such a basis.  Plaintiff contends that Defendants are limited to the original basis for removal.  For the reasons that follow, the Court grants Plaintiff's motion to remand.

**I.**

       Plaintiff is a resident of Paw Paw, Michigan.  Defendant Gulf Stream Coach is an

Indiana corporation with its principal place of business in Nappanee, Indiana. Defendant General RV Center is a Michigan corporation with its principal place of business in Wayland, Michigan.

Plaintiff alleges that on March 18, 2006, he purchased a motor home from General RV Center that had been manufactured by Gulf Stream Coach. Plaintiff alleges that he discovered defects in the motor home and Defendants failed to repair those defects. On November 30, 2006, Plaintiff filed this lawsuit against Defendants in the 48th Circuit Court for the State of Michigan. Plaintiff has alleged seven counts: breach of express warranty, breach of implied warranty of merchantability, revocation of acceptance, violation of the Michigan Consumer Protection Act, breach of contract, breach of written warranty under the Magnuson-Moss Warranty Act, and breach of implied warranty under the Magnuson-Moss Warranty Act. General RV Center was served with the summons and complaint on December 19, 2006. Gulf Stream Coach was served with the summons and complaint on December 21, 2006.

Defendants removed the case to this Court on January 18, 2007. Plaintiff filed the motion to remand that is now before the Court on February 7, 2007. Defendants filed a response opposing the motion to remand on February 20, 2007.

## II.

Plaintiff's motion to remand presents the Court with a two-part inquiry. First, in evaluating whether removal was proper, is the Court limited to the basis of subject-matter

jurisdiction that was asserted in the notice of removal.  Second, based on the answer to the first part of the inquiry, does the Court have subject-matter jurisdiction and was the removal therefore proper.

**A.**

Plaintiff contends that in evaluating the propriety of the removal the Court may only consider the basis of removal asserted in the notice of removal, which in this case was diversity jurisdiction.  Defendants contend that where the facts support removal, then the removal was proper despite errors in the notice of removal.

The notice of removal states in relevant part:

> NOW COME the Defendants . . . and hereby serves [sic] notice, pursuant to 15 USCS § 2310(d)(1)(B), 28 USCS § 1332, 28 USCS § 144[1] and 28 USCS § 1446, of the removal of the above-captioned action from the Allegan County Circuit Court to the United States District Court.
>
> The grounds for removal in the above-captioned matter are based upon 28 USCS § 1332(a).  Pursuant to 15 USCS § 2310(d)(1)(B) and 28 USCS § 1332(a), the United States District Court has original jurisdiction of the above-captioned matter because the amount in controversy exceeds $75,000.00, exclusive of costs and interest, and is between Citizens of different states.
>
> With regard to the amount in controversy, Plaintiff's Complaint seeks compensatory damages arising out of the purchase of a motor home . . . . Plaintiff is a citizen of the State of Michigan.  Defendant Gulf Stream,

---

[1]The Court assumes Defendants intended to reference 28 U.S.C. § 1441, not 28 U.S.C. § 144.  Section 144 enables parties in a pending federal case to seek the removal of the judge assigned to the case in the event that the assigned judge has a "personal bias or prejudice either against him or in favor of any adverse party . . . ."  28 U.S.C. § 144.  At the time Defendants filed the notice of removal no federal judge had been assigned to this case, therefore there was no basis for filing a motion under § 144.  In contrast, § 1441 is clearly pertinent to a notice of removal as § 1441 sets forth what type of actions may be removed from state court to federal court.

pursuant to 28 USCS § 1332(c), is deemed a citizen of the State of Indiana . . . . Removal on the bases [sic] of diversity of citizenship and amount in controversy is therefore appropriate under 28 USCS § 1332.

(Notice of Removal 1-2.) The notice of removal never uses the phrase "federal question" or cites 28 U.S.C. § 1331, the federal statute that gives federal courts subject-matter jurisdiction over federal questions.

"The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant . . . of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ." 28 U.S.C. § 1446(b). The thirty days for seeking removal have expired. Defendants contend that the amendment they seek to make to the notice of removal is of the type that courts have permitted parties to make outside of the thirty-day period for seeking removal.

Title 28, section 1446(a) of the United States Code "requires that in removing a case to federal court, a defendant's notice of removal must set forth 'a short and plain statement of the grounds for removal.'" *Lupo v. Human Affairs Int'l, Inc.*, 28 F.3d 269, 274 (2d Cir. 1994) (quoting 28 U.S.C. § 1446(a)).

> The notice of removal required by Section 1446(b) may be amended freely by the defendant prior to the expiration of the thirty-day period for seeking removal . . . . Thereafter, . . . the notice may be amended only to set out more specifically the grounds for removal that already have been stated, albeit imperfectly, in the original notice. . . . Completely new grounds for removal jurisdiction may not be added and missing allegations may not be furnished, however.

14C Charles Alan Wright et al., *Federal Practice and Procedure* § 3733 (3d ed. 2007)

(footnotes omitted).  *Accord Lupo*, 28 F.3d at 274;  *Whitehead v. Nautilus Group, Inc.*, 428 F. Supp. 2d 923, 929 (W.D. Ark. 2006);  *Uppal v. Elec. Data Sys.*, 316 F. Supp. 2d 531, 533-36 (E.D. Mich. 2004);   16 James Wm. Moore et al., *Moore's Federal Practice* § 107.30[2][a][iv] (3d ed. 2006).  Defendants cite a series of Sixth Circuit cases and contend that these cases hold that outside of the thirty-day period a party may amend the notice of removal to add a new basis of subject-matter jurisdiction to support the removal.  The cases cited by Defendants do not hold that such amendment outside of the thirty-day period is permissible.  Rather, the cases cited by Defendants are cases applying the rule that outside of the thirty-day period a party may amend the notice of removal to correct technical defects in the previously asserted basis for removal, e.g., permitting a party who asserted diversity jurisdiction in the original notice of removal to clarify the amount in controversy or the citizenship of a party.[2]

Plaintiff also directs the Court to *Cockrell v. First Tennessee Bank*, No. 98-6145, 1999

---

[2]*Schliewe v. Toro*, 138 F. App'x. 715, 719-20 (6th Cir. 2005) (unpublished) (holding that removal was proper despite the defendant having omitted the name of the judge and docket number of the federal case on the notice of removal that was filed with the state court);  *Tech Hills II Assocs. v. Phoenix Home Life Mut. Ins. Co.*, 5 F.3d 963, 968-69 (6th Cir. 1993) (holding that the district court properly permitted the defendant to amend the notice of removal to include the citizenship of the individual partners of the plaintiff partnership, where the original notice of removal asserted diversity jurisdiction);  *Klein v. Manor Healthcare Corp.*, No. 92-4328, 92-4347, 1994 U.S. App. LEXIS 6086, at *11-17 (6th Cir. Mar. 22, 1994) (unpublished) (holding that it is permissible to allow a defendant to amend the notice of removal outside of the thirty-day period to correct a failure to include all of the defendants in the original notice of removal);  *Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 163-65 (6th Cir. 1993) (holding that it was permissible for GE to amend the notice of removal to add information about its principal place of business outside of the thirty-day period, where the original notice of removal asserted diversity jurisdiction).

U.S. App. LEXIS 23758 (6th Cir. Sept. 24, 1999) (unpublished).  In reciting the case history, the court indicated that the defendants had removed the case on the basis of federal question jurisdiction, but the district court had held that the removal was proper based on diversity jurisdiction, without determining whether there was federal question jurisdiction.  *Cockrell*, 1999 U.S. App. LEXIS 23758, at *5-6.  The Sixth Circuit held that the removal was proper based on federal question jurisdiction and therefore did not reach the issues presented by the district court's decision to find the removal proper based on diversity jurisdiction.  *Id.* at *6-7. The underlying district court decision does not explain why the court found the removal proper based on diversity jurisdiction when the notice of removal had asserted federal question jurisdiction as the basis for removal.  *Cockrell v. First Tenn. Bank*, No. 98-2497, 1998 U.S. Dist. LEXIS 13756, at *3-4 (W.D. Tenn. June 29, 1998) (unpublished).  The district court also did not explain why it found it permissible to allow removal on an unasserted basis.  In the absence of any analysis explaining why it is proper to uphold removal on an unasserted basis, the Court declines to adopt the position of the district court in *Cockrell*.  Moreover, the Sixth Circuit's decision in *Cockrell* merely recited the procedural history of the case and did not address the propriety of upholding removal on an unasserted basis.

"[T]he ability to cure technical defects in a notice of removal should not be confused with adding a new ground for federal jurisdiction."  *Whitehead*, 428 F. Supp. 2d at 928-29. As the Court set forth above, the cases cited by Plaintiff are not to the contrary.  *See Uppal*,

6

316 F. Supp. 2d at 536 (finding that the Sixth Circuit's decision in *Tech Hills II Associates* is consistent with limiting amendments after the thirty-day period to the correction of technical defects).  The thirty days for seeking removal have lapsed; thus, Defendants may only amend their notice of removal to "set out more specifically the grounds for removal that already have been stated . . . in the original notice."  Wright et al., *supra*, § 3733.  The original notice only asserts diversity jurisdiction as a basis for removal.[3]  Therefore, in analyzing whether removal was proper, the Court will only consider whether diversity jurisdiction existed at the time this lawsuit was commenced and at the time of removal.

## B.

The federal courts are courts of limited jurisdiction that may exercise only those powers authorized by the Constitution and by statute.  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  "Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant."  *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987) (citing 28 U.S.C. § 1441(a)).  As the party asserting the Court's jurisdiction, Defendants have the burden of proving that the Court has subject-matter jurisdiction.  *See McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936); *Walburn v. Lockheed Martin Corp.*, 431 F.3d 966, 970 (6th Cir. 2006).

"Congress 'has granted district courts original jurisdiction in civil  actions between

---

[3]The Court notes that Defendants have made no contention that the citation to 15 U.S.C. § 2310(d)(1)(B) in the notice of removal should be construed as an assertion of federal question jurisdiction.

citizens of different States, between U.S. citizens and foreign citizens, or by foreign states against U.S. citizens,' 'to provide a neutral forum for what have come to be known as diversity cases[.]'" *Everett v. Verizon Wireless, Inc.*, 460 F.3d 818, 821 (6th Cir. 2006) (quoting *Exxon Mobil Corp. v. Allapattah Servs.*, 545 U.S. 546, 552 (2005); citing 28 U.S.C. § 1332). "In order for a defendant to remove a case to federal court based upon diversity jurisdiction, there must be complete diversity of citizenship both at the time that the case is commenced and at the time that the notice of removal is filed." *Jerome-Duncan, Inc. v. Auto-By-Tel, L.L.C.*, 176 F.3d 904, 907 (6th Cir. 1999) (citing *Easley v. Pettibone Mich. Corp.*, 990 F.2d 905, 908 (6th Cir. 1993)).

Plaintiff is a citizen of Michigan. If either Defendant is a citizen of Michigan, then there is not complete diversity. "A corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business . . . ." 28 U.S.C. § 1332(c)(1). Defendant General RV Center is a citizen of Michigan as it is a Michigan corporation and its principal place of business is in Michigan. As both Plaintiff and Defendant General RV Center are citizens of Michigan, there is not complete diversity of citizenship. In the absence of complete diversity of citizenship the Court lacks subject-matter jurisdiction and therefore removal was improper.

## III.

In evaluating whether removal was proper, the Court is limited to considering the basis of subject-matter jurisdiction asserted in the notice of removal. The only basis of

subject-matter jurisdiction asserted in the notice of removal was diversity jurisdiction. Plaintiff and Defendant General RV Center are both citizens of Michigan, so there is not complete diversity and thus no subject-matter jurisdiction.  In order for removal to have been proper the Court must have subject-matter jurisdiction.  Therefore, the Court grants Plaintiff's motion to remand the case to the 48th Circuit Court for the State of Michigan.  An order will be entered consistent with this opinion.


Date:     August 21, 2007                        /s/ Robert Holmes Bell
                                                 ROBERT HOLMES BELL
                                                 CHIEF UNITED STATES DISTRICT JUDGE

9